UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK THOMPSON,

                      Plaintiff,              9:25-CV-0003
                                                            (GTS/TWD)

      v.

NICOLE REID, Correction Officer, Eastern
Correctional Facility, et al.,

                      Defendants.

---

APPEARANCES:                                                  OF COUNSEL:

DERRICK THOMPSON
Plaintiff, pro se
10-A-2753
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      The Clerk has sent to the Court for review a pro se complaint filed by plaintiff Derrick Thompson ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). Plaintiff, who is presently incarcerated at Eastern NY Correctional Facility ("Eastern NY C.F."), has not paid the statutory filing fee for this action and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 10 ("IFP Application").

**II.    IFP STATUS**

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of $405.00.  Even if a plaintiff financially qualifies for IFP status, the Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee.  Section 1915(g) provides as follows

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous, or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see* also 28 U.S.C. § 1915A(b)(1).

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  Dkt. No. 11.  Thus, the Court must determine whether plaintiff has "three strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to that rule.  *See* 28 U.S.C. § 1915(g).

**A.  Determination of "Strikes"**

The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  On the basis of that review, the

Court finds that, as of the date that plaintiff commenced this action, January 2, 2025, plaintiff had acquired at least three strikes because he filed two previous civil actions and one appeal while incarcerated that were dismissed based on frivolousness, maliciousness, or failure to state a claim upon which relief may be granted. *See Thompson v. Hachadoorian, et al.*, No. 1:10-CV-9482, Order, Dkt. No. 46 (S.D.N.Y. Apr. 3, 2012) (dismissing plaintiff's civil rights action as frivolous in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)); *Thompson v. Lipkansky, et al.,* No. 1:13-CV-9209, Order of Dismissal, Dkt. No. 4 (S.D.N.Y. Jan. 28, 2014) (dismissing plaintiff's civil rights action without leave to replead in accordance with 28 U.S.C. § 1915(e)(2)(B)(i)); and *Thompson v. Lipkansky, et al.*, No. 14-669, Dkt. No. 42 (2d Cir. 2014) (Second Circuit Mandate issued Aug. 22, 2014 dismissing plaintiff's appeal as lacking an arguable basis in law or in fact, pursuant to 28 U.S.C. § 1915(e)).[1]

Thus, unless it appears that the "imminent danger" exception to the "three strikes" rule is applicable in this action, plaintiff may not proceed IFP.

**B.   Applicability of the "Imminent Danger" Exception**

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the

---

[1] "A dismissal of an appeal as frivolous counts as a separate strike." *Griffin v. Carnes*, 72 F.4th 16, 20 (2d Cir. 2023) (citation omitted).

3

events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Both requirements must be met in order for the three-strikes litigant to proceed IFP. *Id.*

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-61, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases). Where the plaintiff is proceeding pro se, his complaint should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id*. (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003)). Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson*

4

*v. Nesmith*, No. 06-CV-1177 (TJM), 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

On January 2, 2025, plaintiff commenced this action by filing a complaint and amended complaint. *See* Dkt. Nos. 1 ("Compl."), 3 ("Am. Compl."). When plaintiff filed his pleadings, he was incarcerated at Eastern NY Correctional Facility. *See* Am. Compl. at 1. In the amended complaint, plaintiff claims that, on February 28, 2023, defendants Correction Officer Nicole Reid ("Reid") and Sergeant Francine Waugh ("Waugh") refused to allow plaintiff to retrieve a package from the mail room because the package did not comply with DOCCS Directive #4911. *Id*. at 2. Plaintiff challenged the decision and defendant Sergeant Lawson ("Lawson") upheld the determination. *Id.* at 3. On March 14, 2023, defendant Correction Officer Amanda Leone Weig ("Weig") gave plaintiff an "ultimatum to either return the items home or have them destroyed." *Id*. Plaintiff asked that the items be sent to DOCCS Commissioner for further evaluation. Am. Compl. at 3. On March 19, 2023, defendant Correction Officer Walter Reid ("Reid") issued a misbehavior report charging plaintiff with violations of facility rules. *Id.* With the amended complaint, plaintiff asserts the following: (1) First Amendment mail tampering claims; (2) Fourteenth Amendment due process claims related to property; (3) constitutional claims related to violations of DOCCS Directives; and (4) state law claims. *See id*. at 4.

Construing plaintiff's complaint with the leniency that the Court must afford a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff's allegations do not plausibly suggest physical harm or injury, let alone imminent danger of serious physical injury when he filed the complaint. Plaintiff has failed specifically to plead facts sufficient to place him within the imminent danger exception provided by Section 1915(g), which is available

"[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.' " *Flemming v. Kemp,* No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010); *see, e.g., Isasi v. Fischer,* No. 10-CV-0948F, 2010 WL 5392653, at *2 (W.D.N.Y. Dec. 20, 2010) (finding that the allegations did not support a claim of imminent danger of serious physical injury where the claims related to DOCCS' policies and plaintiff's mail).

Based upon the foregoing, the Court finds that plaintiff is barred under Section 1915(g) from proceeding with this action IFP because he has three "strikes" and has not demonstrated the applicability of the "imminent danger" exception.

### III.    LEAVE TO AMEND

In light of plaintiff's pro se status, the Court will give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170. Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct that violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred and five

6

dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.[2]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 10) and letter motion (Dkt. No. 14) are held in abeyance; and it is further

**ORDERED** that within thirty (30) days of the date of this Decision and Order, plaintiff shall either (i) pay the Court's filing fee of four hundred and five dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

Dated: March 18, 2025
Syracuse, New York

*Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge

---

[2] Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.

7